UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AKIVA SHAPIRO,

        Plaintiff,

v.

INVESTINET, LLC; ANTHONY RINALDI; EVAN SHEA,

        Defendants.

CIVIL ACTION NO.

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, Investinet, LLC, ("InvestiNet"), in a limited appearance to challenge jurisdiction, and, pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.*, hereby removes from the Supreme Court of the State of New York, County of Queens, the following described and captioned lawsuit and respectfully shows:

1. InvestiNet is one of several defendants named in an civil action that was filed on December 25, 2014 in the Supreme Court for the State of New York, County of Queens, captioned Akiva Shapiro v. InvestiNet, LLC, Anthony Rinaldi, and Evan Shea, Index No. 709914/2014.

2. Pursuant to 28 U.S.C. §§ 1441 and 1446, InvestiNet removes the action to this Court, which is the judicial district in which the state court action is currently pending.

3. Removal is proper under 28 U.S.C. §§ 1441, *et seq.* If the action had originally been brought in this Court, this Court would have had original diversity

jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and the action is between citizens of different states.

4. A copy of all process, pleadings in the state court action is being filed with this notice. *See* Exhibit A.

5. This notice is filed within 30 days after the receipt of the state court action by InvestiNet and is therefore timely pursuant to 28 U.S.C. § 1446(b).

### i. *The amount in controversy exceeds $75,000*

6. The amount in controversy exceeds $75,000 as demonstrated by the allegations in plaintiff's complaint. Plaintiff asserts claims for defamation, intentional infliction of emotional distress, and inducing a breach of contract. Plaintiff further alleges in his complaint monetary damages for defamation of at least $250,000, monetary damages for intentional infliction of emotional distress of at least $150,000, and monetary damages for inducing a breach of contract of at least $500,000, for a total amount of monetary damages of at least $900,000. *See* plaintiff's complaint ¶¶ 31–48, Exhibit A.

7. While InvestiNet denies any wrongdoing, plaintiff's alleged damages, if true, place the amount in controversy well in excess of $75,000 exclusive of interest and costs. The amount in controversy in this action therefore meets the jurisdictional requirement for federal diversity jurisdiction under 28 U.S.C. § 1332.

### ii. *There is complete diversity of citizenship between plaintiff and defendants*

8. There is complete diversity of citizenship in this action between plaintiff and defendants, as required for federal diversity jurisdiction under 28 U.S.C. § 1332.

9. Plaintiff Akiva Shapiro is an individual New York resident and domiciliary, and is therefore a citizen of the state of New York.

10. Defendant InvestiNet is a South Carolina limited liability company. Limited liability companies have the citizenship of each partner or member. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92 (1990). InvestiNet is wholly owned by 2 members, Brice Smith and Bob Collins. Smith and Collins are both individual South Carolina residents and domiciliaries and citizens of the state of South Carolina. InvestiNet is therefore a citizen of the state of South Carolina.

11. Upon information and belief, defendant Anthony Rinaldi is a New Jersey resident and domiciliary and a citizen of the state of New Jersey. *See* plaintiff's complaint ¶ 3, Exhibit A.

12. Upon information and belief, defendant Evan Shea is a New Jersey resident and domiciliary and a citizen of the state of New Jersey. *See* plaintiff's complaint ¶ 4, Exhibit A.

13. Because plaintiff does not share a common state of citizenship with any defendant, the complete diversity of citizenship requirement for federal diversity jurisdiction under 28 U.S.C. § 1332(a) is satisfied.

    *iii.*    *None of the defendants have been served*

14. InvestiNet has not been served with the summons or complaint.

15. As of the filing of this notice, neither defendant Rinaldi nor defendant Shea has been served with the summons or complaint. 28 U.S.C. § 1446(b)(2)(A).

16. InvestiNet removes this action for the limited purpose of challenging jurisdiction in this matter.

WHEREFORE, based upon this Court's diversity jurisdiction, defendant, InvestiNet, LLC, respectfully requests that this case proceed in this Court, as an action properly removed from the Supreme Court for the State of New York, County of Queens.

Dated: January 26, 2015             Respectfully Submitted,

                                                 Aaron R. Easley, Esq.
                                                 SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
                                                 3 Cross Creek Drive
                                                 Flemington, New Jersey 08822-4938
                                                 Telephone: (908) 237-1660
                                                 Facsimile: (908) 237-1663
                                                 Email: aeasley@sessions-law.biz
                                                 *Attorney for Defendant,*
                                                 *InvestiNet, LLC*

## CERTIFICATE OF SERVICE

I certify that on January 26, 2015, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system and via U.S. Mail, including plaintiff as described below. Parties may access this filing through the Court's system.

Akiva Shapiro, *Esq.*
75-23 Main St., #670351
Flushing, NY 11367
*Plaintiff (pro se)*

Anthony Rinaldi
Address Unknown
*Co-Defendant*

Evan Shea
Address Unknown
*Co-Defendant*

By: _____
Aaron R. Easley, *Esq.*
*Attorney for Defendant,*
*InvestiNet, LLC*

\\sfnfs02\prolawdocs\10416\10416-35690\Shapiro, Akiva (Pro Se)\1656921.doc