# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x

Akiva Shapiro

                              Plaintiff,

          - against –                           Index No. 709914/2014
                                                        Date of Filing: 12/25/2014

Investinet, LLC, Anthony Rinaldi, Evan Shea

                              Defendants.
-----------------------------------------------------------------x

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

      You are hereby summoned and required to serve upon plaintiff or plaintiff's attorney (noted below) an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Venue is appropriate pursuant to Section 503(a) of the CPLR, since none of the parties reside in the state, venue may be in any county designated by the plaintiff.

Dated: December 27, 2014

/s/ Akiva Shapiro /
Akiva Shapiro, Esq.
Plaintiff
75-23 Main St #670351
Flushing, NY 11367
Tel: 347-435-6529  Fax: 347-710-2543
Email: as@akivashapiro.us

To: InvestiNet
511 Rhett Street, Suite 1A
Greenville, South Carolina 29601

Akiva Shapiro, Esq.
75-23 Main St #670351
Flushing, NY  11367
Tel: 347-435-6529  Fax: 347-710-2543  Email: as@akivashapiro.us



December 27, 2014

## STATEMENT OF SERVICE BY MAIL

To: InvestiNet
511 Rhett Street, Suite 1A
Greenville, South Carolina  29601

Re: Index No.: 709914/2014
Caption: Akiva Shapiro v. Investinet, LLC, Anthony Rinaldi, Evan Shea
Venue: Suprememe Court of The State of New York Queens County

The enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules of New York.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

Very truly yours,

Akiva Shapiro, Esq.

Akiva Shapiro, Esq.
75-23 Main St #670351
Flushing, NY  11367
Tel: 347-435-6529  Fax: 347-710-2543  Email: as@akivashapiro.us

*a5d2014-12-27*

December 27, 2014

Re: Index No.: 709914/2014
Caption: Akiva Shapiro v. Investinet, LLC, Anthony Rinaldi, Evan Shea
Venue: Suprememe Court of The State of New York Queens County

## ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I received a summons and complaint in the above-captioned matter at 511 Rhett Street, Suite 1A, Greenville, South Carolina 29601.

PLEASE CHECK ONE OF THE FOLLOWING;
IF 2 IS CHECKED, COMPLETE AS INDICATED:

1. ☐ I am not in military service.
2. ☐ I am in military service, and my rank and branch of service are as follows:

Rank: _____     Branch of Service: _____

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date: _____
Date this Acknowledgement is executed

I affirm the above as true under penalty of perjury.

_____          _____
Signature                                                Name of Defendant for which acting

_____          _____
Print Name                                              Position with Defendant for which acting (i.e., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x

Akiva Shapiro

                           Plaintiff,

      - against -                             Index No. 709914/2014

Investinet, LLC, Anthony Rinaldi, Evan Shea

                           Defendants.
-----------------------------------------------------------------x

# NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## <u>SUPREME COURT CASES</u>

       PLEASE TAKE NOTICE that plaintiff in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

       Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must PROMPTLY create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4. For additional information about NYSCEF, see the User's Manual and Frequently Asked Questions on the Website, or contact the court in question or the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: December 27, 2014

/s/ Akiva Shapiro /
Akiva Shapiro, Esq.
75-23 Main St #670351
Flushing, NY 11367
Tel: 347-435-6529 Fax: 347-710-2543
Email: as@akivashapiro.us

To: InvestiNet
511 Rhett Street, Suite 1A
Greenville, South Carolina 29601


*a5d2014-12-27*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------

| | |
|---|---|
| Akiva Shapiro | Index No. _____ |
| Plaintiff, | COMPLAINT |
| - against – | |
| IvestiNet LLC, Anthony Rinaldi, Evan Shea | |
| Defendants | |

-----------------------------------------------------------------

Plaintiff, Akiva Shapiro ("Shapiro"), alleges the following as against InvestiNet LLC, Anthony Rinaldi, and Evan Shea (Defendants), in this action, Shapiro alleges:

1. Shapiro is a natural person residing at 144-32 78 Ave #2G, Flushing, NY 11367, with a mailing address of 75-23 Main St #670351, Flushing, NY 11367.

2. Upon information and belief, at all the times mentioned, defendant InvesiNet, LLC was and still is a foreign company formed under the laws of the State of South Carolina, with its principal place of business at 511 Rhett Street, Suite 1A, Greenville, South Carolina 29601.

3. Upon information and belief, at all the times mentioned, defendant Anthony Rinaldi, a natural person, was and still is a resident of New Jersey, at address unknown, and is employed in the State of New York by Eltman, Eltman & Cooper, P.C. with its principal place of business at 140 Broadway, FL 26, New York, NY 10005.

4. Upon information and belief, at all the times mentioned, defendant Evan Shea, a natural person, was and still is a resident of New Jersey, at address unknown, and is employed in the

State of New York by Eltman, Eltman & Cooper, P.C. with its principal place of business at 140 Broadway, FL 26, New York, NY 10005.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to Section 140-b of the New York Judiciary Law, which provides that the Supreme Court of New York has general jurisdiction.

6. This Court has personal jurisdiction over defendants pursuant to Section 302(a)(1) of the CPLR because they transact business within the state or contract anywhere to supply goods or services in the state.

7. Venue is appropriate pursuant to Section 503(a) of the CPLR, since none of the parties reside in the state, venue may be in any county designated by the plaintiff.

**FACTUAL BACKGROUND**

8. Upon information and belief, on September 11, 2011 Shapiro and Eltman entered into a consulting contract, which was not terminable at will and was in full force on June 24, 2014.

9. Upon information and belief, on or about October 15, 2011, Shapiro began performance on two other contracts with Eltman, the terms of which were worked out over subsequent months, both of which were non terminable at will and were in full force on June 24, 2014.

10. Upon information and belief, on or about June 2, 2014 or June 9, 2014, Rory Boyle (Rory), CFO of Eltman, and James Brian Boyle (Brian), CEO of Eltman, met with Akiva Shapiro.

11. Upon information and belief, at that meeting, Rory and Brian expressed their desire to wind down the consulting contract with Shapiro, with an end date at the end of July, 2014.

12. Shapiro requested an opportunity to put together a business plan outlining the value he added to the business and outlining several ways in which the parties may move forward together.

13. On or about June 13, 2014, Shapiro delivered the business plan and proposals to Rory and Brian.

14. On June 16, 2014, Rory responded to Shapiro that he and Brian "elected to go with option 2" of options presented by Shapiro.

15. During the subsequent days, Shapiro, Rory, and Brian negotiated the terms of the agreement.

16. On June 19, 2014, the negotiations came to a halt.

17. On or about June 19, 2014, Shapiro contacted Brice Smith (Smith), Managing Member of InvestiNet, LLC. The purpose of the call was to ascertain IntestiNet's potential interest in forming a relationship with Shapiro.

18. Upon information and belief, Smith had once worked for Eltman, and then left to start his own firm, InvestiNet. Over the subsequent years, he hired several employees out of Eltman. It was Shapiro's intent to ascertain if InvestiNet would be also interested in likewise hiring Shapiro.

19. Smith spent the next approximately 30 minutes asking Shapiro questions related to the work that Shapiro had done and his proprietary interest in the software Shapiro had developed.

20. Shapiro, upon information and belief, without revealing confidential information, answered Smith's questions.

21. Smith abruptly ended the call, saying "Thank you for the information."

## FIRST CAUSE OF ACTION

## DEFAMATION

22. Shapiro repeats paragraphs 1 through 21.

23. Shapiro is not a public figure.

24. Upon information and belief, defendant InvestiNet, LLC (InvestiNet) contacted either Anthony Rinaldi or Evan Shea, and made harmful, malicious, false and defamatory remarks. Included in these remarks were statements to the effect that Shapiro was offering to sell intellectual property belonging to Eltman, Eltman, & Cooper (Eltman). To wit: "It has come to our attention that you have reached out to an industry competitor, Investinet [sic] ... offering to sell EEC's intellectual property - EECO. This is not only unethical, but also illegal and any subsequent attempts to sell EEC's intellectual property will be met with full pursuit of damages." These statements were told to Shapiro in a public setting by Rory Boyle, CFO of Eltman, in person on June 24, 2014, and were repeated in an email dated June 25, 2014 From Rory Boyle to Shapiro.

25. Upon information and belief, on or about June 24, 2014, one or more of the Defendants contacted Eltman, and made harmful, malicious, false and defamatory remarks. Included in these remarks were the statements alleged in the prior paragraph.

26. Upon information and belief, these oral statements were intended to impeach Shapiro's honesty, integrity, virtue or reputation.

27. Shapiro was ask to "Pack your things and get out." in front of other employees by Rory.

28. Upon information and belief, Defendants were actuated by actual malice in that Defendants knew that the statements made by them concerning Shapiro were false and untrue and were submitted and published with actual knowledge of their falsity or with reckless and wanton disregard of whether they were false and untrue.

29. As a result of the defamations and the acts of Defendant in connection therewith, Shapiro has been held up to public contempt, ridicule, disgrace, and prejudice; has had all his business

contracts and dealings with Eltman repudiated, has lost his income; has lost his home; has suffered great mental and emotional pain and anguish; and has been irreparably injured in his good name, business reputation, and social standing, and has had his visitation with his minor children interfered with.

30. Because these statements tend to injure Shapiro's business, the statements constitute defamation *per se*.

31. Shapiro demands judgment against Defendants for injunctive relief and actual, special, punitive, consequential, compensatory, and general damages in an amount deemed at time of trial to be just, fair and appropriate but in no event less than $250,000.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Shapiro repeats paragraphs 1 through 31.

33. Upon information and belief, Defendants intentionally and deliberately inflicted emotional distress on Shapiro by defaming him to one or more people including but not limited to the following: Rory Boyle, Brian Boyle, Anthony Rinalidi, Evan Shea, and or Mike Botigliari, employee of Eltman.

34. Defendants' conduct and statements are extreme and outrageous.

35. Upon information and belief, Defendants' conduct and statements were intended to cause severe emotional distress, or, in the alternative, Defendants completely disregarded the substantial probability of causing severe emotional distress.

36. As a result of Defendants' extreme and outrageous conduct, Shapiro has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment and

humiliation all to his damage in an amount to be determined the trier of fact, but not less than $150,000.

## THIRD CAUSE OF ACTION

## INDUCING A BREACH OF CONTRACT

37. Shapiro repeats paragraphs 1 through 36.

38. Shapiro was performing work for Eltman under three separate, concurrent contracts.

39. All Defendants were aware of Shapiro's contracts with Eltman and negotiations for prospective contracts.

40. The contracts were valid and not terminable at will.

41. Upon information and belief, on or about June 24, 2014, one or more Defendants intentionally, maliciously and improperly interfered in the performance of Shapiro's contracts between Shapiro and Eltman, without legal justification, by falsely stating to Rory Boyle or Brian Boyle, that plaintiff was offering to sell EEC's intellectual property to InvestiNet with the intention of harming Shapiro's relationship with Eltman.

42. Subsequently, on June 24, 2014, at approximately 5:30pm, Rory Boyle, verbally, informed Shapiro of the claimed offer for sale of EEC intellectual property to InvestiNet and terminated all business relationships with Shapiro on the spot and summarily asked him to leave the premises, in front of witnesses.

43. Upon information and belief, Defendants' interference was intended to cause, and did cause harm to Plaintiff's status and reputation as a contractor of Eltman.

44. Upon information and belief, Defendants' interference was intended to cause and did cause Eltman to repudiate and cancel all its existing business arrangements with Shapiro and to refrain from entering into prospective business arrangements with Shapiro.

45. Defendants interfered with Shapiro's contracts and business relationships for the purpose, and with the motive, of injuring Shapiro. Defendants knew and understood, that without a source of income and a good standing in the business community, Shapiro would bereft of income and would be unable to support his minor children and meet his other financial obligations, including maintenance to his ex-wife, who is the custodial parent of his minor children.

46. Defendant InvestiNet knew that a competitive advantage in the marketplace could be gained by an abrupt departure by Shapiro.

47. Defendants Rinaldi and Shea knew that their position with Eltman would be bolstered with Shapiro out of their way.

48. This interference with Shapiro's existing and prospective contractual relationships was willful and wanton, and has proximately resulted and/or will result in damage to Shapiro, including loss of income, loss of future earning, and other damages, in an amount to be proven at trial but not less than $500,000.

## MULTIPLE TORTEFEASORS

49. Shapiro repeats paragraphs 1 through 48.

50. Upon information and belief, Shapiro alleges that InvestiNet was the only one who could have originated the slander.

51. Upon information and belief, Shapiro alleges that InvestiNet published the defamation to both Rinaldi and Shea.

52. Upon information and belief, Shapiro alleges that one or more of the Defendants published the defamation to Eltman, via Rory Boy or Brian Boyle, the exact sequence of which will be borne out during discovery.

WHEREFORE, Plaintiff demands relief as follows:

1. On the FIRST CAUSE OF ACTION a money judgment against InvestiNet LLC, and/or Anthony Rinaldi, and/or Evan Shea for actual, special, punitive, consequential, compensatory, and general damages in an amount to be determined by the trier of fact, but which is at least $250,000 plus punitive damages, plus an injunction against making further defamatory statements about Plaintiff;

2. On the SECOND CAUSE OF ACTION a money judgment against InvestiNet LLC, and/or Anthony Rinaldi, and/or Evan Shea in an amount to be determined by the trier of fact, but which is at least $150,000 plus punitive damages; and

3. On the THIRD CAUSE OF ACTION a money judgment against InvestiNet LLC, and/or Anthony Rinaldi, and/or Evan Shea in an amount to be determined by the trier of fact, but which is at least $500,000,000, plus punitive damages;

4. For interest from June 24, 2014, and the costs and disbursements of this action.

Dated: Queens County, New York

December 26, 2014

**Akiva Shapiro**
Digitally signed by Akiva Shapiro
DN: cn=Akiva Shapiro, o, ou, email=as@akivashapiro.us, c=US
Date: 2014.12.25 18:40:39 -05'00'

Akiva Shapiro, Esq.
Plaintiff
75-23 Main St. #670351
Flushing, NY 11550
Phone: (347) 435-6529
Fax: (347) 710-2543
as@akivashapiro.com